IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-01584-CMA-KLM

JENNIFER KERSEY,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

## ORDER

This matter is before the Court on Defendant Auto-Owners Insurance Company's Motion for Summary Judgment (Doc. # 32). The Motion is denied for the following reasons.

This is an insurance bad-faith case. On April 14, 2018, Plaintiff Jennifer Kersey was the victim of a hit-and-run car accident ("Accident"). (Doc. # 4, ¶ 5). The at-fault driver allegedly ran a red light and collided with Kersey's vehicle before fleeing the scene. (Doc. # 4, ¶¶10-12; Doc. # 32, p. 1). Although the at-fault driver was eventually identified, he was uninsured, and he was apparently unable to compensate Kersey for injuries she sustained in the accident. (Doc. # 32, p. 1). At the time of the accident, Kersey was insured by Defendant Owners Insurance Company ("Owners"). (Doc. # 4, ¶ 24).

Shortly after the Accident, Kersey retained counsel and made a claim for Uninsured Motorist ("UM") coverage under her Owners insurance policy ("Policy"). (Doc. # 32-1, p. 122). Kersey now alleges that Owners unreasonably delayed payment of her claim for UM benefits. She is suing Owners, alleging breach of contract, common-law insurance bad faith, and violations Colo. Rev. Stat. § 10-3-1116. (Doc. # 4).

Owners seeks summary judgment on Kersey's claims, arguing that Kersey breached her Policy by failing to cooperate with Owners' investigation of her UM claim, thereby invalidating coverage and voiding Owners' obligation to pay her claim. (Doc. # 32).

The Court finds that there are genuine factual disputes that preclude summary judgment in this case.

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this case, however, there are genuine disputes of material fact that preclude summary judgment, including, but not limited to:

- Whether, and to what extent, Kersey incurred damages as a result of the Accident;
- Whether, and to what extent, those damages fell within the scope of coverage of the Policy;
- Whether Kersey cooperated with Owners in the investigation of her claim as required by the Policy;
- Whether Kersey's conduct invalidated UM coverage under the Policy;

- What benefits, if any, Kersey is owed under the Policy;
- Whether Owners unreasonably delayed payment of benefits due under the policy.

In view of these factual questions, the Court finds that summary judgment is not appropriate.

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. # 32) is DENIED.

DATED: January 11, 2022

BY THE COURT:

_Christine M Arguello_
CHRISTINE M. ARGUELLO
United States District Judge