IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01584-CMA-KLM

JENNIFER KERSEY,

     Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,

     Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Defendant's **Motion to Limit the Expert Opinions of Plaintiff's Treating Providers Pursuant to Fed. R. Civ. P. 26 and 37** [#37][1] (the "Motion"). Plaintiff filed a Response [#47] in opposition to the Motion [#37], and Defendant filed a Reply [#54]. The Court has reviewed the Motion [#37], the Response [#47], the Reply [#54], the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#37] is **DENIED in part and GRANTED in part**.

## I. Background

     This case stems from a motor vehicle collision on April 14, 2018, in which Plaintiff alleges she was injured, resulting in headaches and back, neck, and shoulder pain. *See*

---

[1] "[#37]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

*generally Compl.* [#4].  Plaintiff has disclosed the following medical providers pursuant to Fed. R. Civ. P. 26(a)(2)(C): 1) John Winkler, MD and Makaela McNett, NP of Swedish Medical Center; 2) Darcy Scheeler, MD and Cari Langfield, PN-C of Pinon Family Practice; 3) Sophie Baxter, PA-C, J. Scott Bainbridge, MD, and Drew Trainor, MD of Denver Back Pain Specialists; 4) Kassidy Bourgeois, PT, DPT and Jennifer Landsverk, PT of Select Physical Therapy; 5) Allen Tate, PA-C and Son D. Le, MD of Center for Spine, Joint and Neuromuscular Rehabilitation; 6) Adrian Sutter, PA-C, Giancarlo Checa, MD ("Checa"), and Kevin Smith, MD of Metro Denver Pain Management; and 7) Dr. Checa of Summit View Surgery Center (collectively, the "Treating Providers").

In the Motion [#37], Defendant contends that expert reports were required under Rule 26(a)(2)(B) because Plaintiff indicates that the providers will testify concerning the causation of Plaintiff's alleged injuries and, as to some of the providers, Plaintiff's prognosis with respect to her alleged injuries.  Defendant argues that these opinions are outside the scope of the treatment the providers rendered to Plaintiff, and that Plaintiff was therefore required to comply with the reporting requirements of Rule 26(a)(2)(B). Because Plaintiff did not comply with those reporting requirements, Defendant argues that their opinions regarding causation and prognosis must be stricken.  Alternatively, Defendant argues that, even if reports were not required, the disclosures are still deficient because they do not comply with Rule 26(a)(2)(C).

## II.  Legal Standard

Rule 26(a) requires a party to disclose the identity of any expert witness it may use at trial.  Fed. R. Civ. P. 26(a)(2)(A).  If such a witness is "one retained or specially employed to provide expert testimony in the case or one whose duties as the party's

employee regularly involve giving expert testimony," the disclosure of the expert's identity must be accompanied by a written report prepared and signed by him.  Fed. R. Civ. P. 26(a)(2)(B).  The written report must contain, among other things, a complete statement of all opinions the witness will express and the basis and reasons for them as well as the facts or data considered by the witness.  *Id*.  "The purpose of expert disclosures is 'to eliminate surprise and provide opposing counsel with enough information . . . to prepare efficiently for deposition, any pretrial motions, and trial.'"  *Carbaugh v. Home Depot U.S.A., Inc.*, No 13-cv-02848-REB-MEH, 2014 WL 3543714, at *2 (D. Colo. July 16, 2014) (quoting *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1121-22 (D. Colo. 2006)).  In contrast, if an expert witness is not "retained or specially employed" within the meaning of Rule 26(a)(2)(B), a report is not required and the disclosure need only contain "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C).

Rule 37 addresses failure to make disclosures, and states that the failure "to provide information or identity a witness as required by Rule 26(a)" precludes the "use of that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1); *see also Jacobsen v. Desert Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002) ("Rule 37(c) permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless.")  Thus, under Rule 37(c)(1), the Court must first determine whether the expert disclosure was sufficient under Rule 26(a), and if not, then must analyze whether the insufficient

disclosure was nonetheless "substantially justified or . . . harmless" under Rule 37(c)(1).

### III.  Analysis

Defendant argues that a physician providing an opinion of causation or prognosis triggers the reporting requirements of Rule 26(a)(2)(B).  *Motion* [#37] at 3-6.  Defendant contends that a treating physician's opinion on causation and prognosis is beyond the scope of the treatment because the opinion is not based on what the provider saw, did, and why the provider did it.  *Id.*  In response, Plaintiff argues that because the medical providers opined on causation and/or prognosis during the course of their treatment, their opinions are based on their personal knowledge and are therefore not required to be disclosed under Rule 26(a)(2)(B).  *Response* [#47] at 4-6.  Plaintiff further argues that the disclosures were sufficient under Rule 26(a)(2)(C).  *Id.* at 6-8.

Turning to the Court's analysis, typically treating physicians "do not come within the purview of [Rule 26(a)(2)(B)'s] requirement."  *Trejo v. Franklin*, No. 04-cv-02523-REB -MJW, 2007 WL 2221433, at *1 (D. Colo. July 30, 2007) (citation omitted).  This is because treating physicians' "testimony is [often] based upon their personal knowledge of the treatment of the patient and not information acquired from outside sources for the purpose of giving an opinion in anticipation of trial."  *Id.* (quoting *Baker v. Taco Bell Corp.*, 163 F.R.D. 348, 349 (D. Colo. 1995)); *Stone v. Deagle*, No. 05-cv-1438-RPM-CBS, 2006 U.S. Dist. LEXIS 90430, at *9-10 (D. Colo. Dec. 14, 2006) ("In contrast to the retained expert, the Advisory Committee Notes to Rule 26(a)(2)(B) state that 'a treating physician . . . can be deposed or called to testify at trial without any requirement for a written report.  Presumably, a written report from a treating physician is not necessary because the treating physician prepares contemporaneous notes documenting his observations,

findings, and treatment regime."); *see also see Morris v. Wells Fargo Bank, N.A.*, No. 09-cv-02160-CMA-KMT, 2010 WL 2501078, at *1 (D. Colo. June 17, 2010).

"Although a witness's records as a treating physician may, in some instances, obviate the need for a report, 'it is the substance of the expert's testimony, not the status of the expert, which will dictate whether a Rule 26(a)(2)(B) report will be required.'" *Carbaugh*, 2014 WL 3543714, at *3 (quoting *Trejo*, 2007 WL 2221433, at *2). As Chief Judge Brimmer recently stated, "the report requirement is based on the fact that a treating physician's expert testimony is limited to his or her observations, diagnosis, and treatment of a patient, i.e., what he [saw] and did and why he did it." *George v. Metropolitan Prop. and Cas. Ins. Co.*, No. 18-cv-01663-PAB-SKC, 2020 WL 70424, at *6 (D. Colo. Jan. 2, 2020) (internal quotation marks omitted). Thus, to the extent a causation opinion relies even in part on the findings of other physicians, a report is required. *George*, 2020 WL 70424, at *6.

Further, an opinion regarding the cause of a patient's injuries may not be based on observations during the course of treatment. Thus, when a treating physician "'opines as to causation, prognosis, or future disability," the physician may be "going beyond what he saw and did and why he did it . . . and is giving an opinion formed because there is a lawsuit.'" *Kemp v. Webster*, No. 09-cv-00295-RBJ-MJW, 2012 WL 5289573, at *2 (D. Colo. Oct. 26, 2012) (quoting *Davis v. GEO Grp.*, No. 10-cv-02229-WJM-KMT, 2012 WL 882405, at *2 (D. Colo. Mar. 15, 2012)). In that situation, a report under Rule 26(a)(2)(B) is required. In some cases, however, a treating physician may be required to form an opinion about the cause of an injury in order to properly treat it. In such cases, the physician may testify about his opinion regarding causation "to the limited extent that [the

opinion was] a necessary part of a patient's treatment" without being considered a retained expert witness. *Starling v. Union Pac. R.R. Co.*, 203 F.R.D. 468, 479 (D. Kan. 2001).

In situations where a report is not required under Rule 26(a)(2)(B), i.e., as to non-retained experts, disclosures are governed by Rule 26(a)(2)(C) disclosure. Courts have noted "there is scant case law outlining what constitutes a sufficient disclosure under Rule 26(a)(2)(C)." *Seeley*, 2018 WL 4275375, at *4. What is clear is that the requirements of Rule 26(a)(2)(C) "differ substantially from the more detailed expatiation required of a report provided by a retained expert." *Nicastle v. Adams Cty. Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1674954, at *1 (D. Colo. May 3, 2011); *see also* Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment ("This [Rule 26(a)(2)(C)] disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B)."). Thus, Rule 26(a)(2)(C) requires an identification of "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

The Court employs a burden-shifting analysis for determining whether the requirements of Rule 26(a)(2) have been satisfied. *Green Earth Wellness Ctr. LLC v. Atain Specialty Ins. Co.*, No. 13-cv-03452-MSK-NYW, 2016 WL 632051, at *2 (D. Colo. Feb. 17, 2016). "The party moving to strike the witness bears the initial burden of showing that the disclosing party failed to comply with Rule 26(a)(2) properly[,]" and "[t]hen the burden shifts to the disclosing party to demonstrate sufficiency. *Id*.

The Court now turns to the Treating Providers at issue in the Motion [#37], who can generally be analyzed together because the same language is at issue for each one.

*See Motion* [#37] at 2-3.  As a preface to her list of Treating Providers, Plaintiff states:

> These providers are expected to provide testimony concerning the liability causation and damage issues including, but not limited to: the history obtained from the Plaintiff; the physical and/or mental findings upon examination; the nature and extent of tests administered to, or treatment rendered to the Plaintiff; opinions and diagnoses concerning the Plaintiff's past, present, and future injuries, damages, and losses resulting from the incident; plaintiff's prognosis; Plaintiff's pre-existing medical and/or mental condition; any limitations and restrictions placed upon Plaintiff as a result of the incident; (including restrictions and missed work and/or school) the necessity for Plaintiff's medical treatment following the incident; opinions regarding the Plaintiff's susceptibility for future injuries; and matters relevant to the allegations contained within the Complaint and the affirmative defenses raised in the Defendant's Answer. . . .

> Each expert may discuss the specific mechanism of injury. . . .  These experts may refute any independent medical examiner of the Defendant. . . .

> Each medical provider will be asked to address causation, both specific and general.  This causation opinion will be based upon the lack of symptoms prior to the collision, the report of symptoms following the collision, the results of diagnostic testing, the result of physical examinations, the review of other treating providers [sic] medical records, and the fact that each claimed injury is typical of injuries that are sustained in auto collisions.

> The following experts have not been specifically retained for this case.

*Supp. Expert Disclosures* [#37-1] at 3-4.  Defendant asserts that this boilerplate language constitutes the whole of Plaintiff's opinions from the Treating Providers.  *Motion* [#37] at 3.

The Court agrees that Plaintiff's disclosures lack any explanation of the facts on which any causation opinions are based and specificity regarding what those opinions actually are.  As noted, "it is the substance of the expert's testimony, not the status of the expert, which will dictate whether a Rule 26(a)(2)(B) report will be required."  *Trejo*, 2007 WL 2221433, at *2.  Here, the substance of the testimony is provided only at a very high level of generality.  In fact, although Plaintiff states what the opinions will generally be

about, no where are the actual opinions provided.

These disclosures do not meet the less onerous Rule 26(a)(2)(C) standard.  As stated above, Rule 26(a)(2)(C) requires an identification of "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  Plaintiff has met the first requirement by providing the subject matter on which the Treating Providers are expected to present evidence.  However, Plaintiff has not met the second requirement because she has failed to provide an adequate summary of the facts and opinions on which the Treating Providers are expected to testify.  While less demanding, the disclosure obligations under Rule 26(a)(2)(C) "cannot be ignored or dismissed as a mere formality," and must still be met.  *Anderson v. Seven Falls Co.*, No. 12-cv-01490-RM-CBS, 2013 WL 3771300, at *6 (D. Colo. Jul. 18, 2013).  For a disclosure under this rule, "[i]t is not enough to state that the witness will testify consistent with information contained in the medical records."  *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413-RDR, 2014 WL 3927277, at *3 (D. Kan. Aug. 12, 2014).  The disclosure must "summarize actual and specific opinions" and explain "how" and "why" the physician reached a particular opinion when opining on causation.  *Id.*  "At a minimum, the disclosure should obviate the danger of unfair surprise regarding the factual and opinion testimony of the non[-]retained expert."  *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413-RDR, 2014 WL 3927277, at *3 (D. Kan. Aug. 12, 2014).  That has simply not been done here.  For example, although Plaintiff states that the Treating Providers will testify about Plaintiff's prognosis, Plaintiff has not stated what that prognosis is opined to be.  Similarly, although Plaintiff states that the Treating Providers will testify about Plaintiff's

susceptibility to future injury, Plaintiff has not stated what that susceptibility is opined to be.

In short, the disclosures of the Treating Providers provide little detail as to how and why any of them reached any causation, prognosis, and other opinions. While it is apparent from the disclosures that the opinions were reached, at least in part, based upon the history provided by Plaintiff as to the accident, it is unclear whether the Treating Providers also relied on other facts to support their opinions. Further, the prognosis as expressed in the disclosures is general in nature as to the effects of any injuries and is not specific to Plaintiff. While the opinions would appear to be based on the Treating Providers' medical training and experience, there is no specific explanation of how any prognosis and other opinions were reached and "how" or "why" those opinions might apply to Plaintiff. *See Nosewicz v. Janosko,* No. 16-cv-0447-PAB-KLM, 2019 WL 4248895, at *6 (D. Colo. August 19, 2019).

Accordingly, the Court finds that the Treating Providers' opinions violate Rule 26(a)(2) to the extent they opine on causation or other matters outside of the immediate scope of treatment. Thus, the Court turns to the appropriate sanction under Rule 37(c)(1).

**B.    Fed. R. Civ. P. 37(c)(1)**

Rule 37 addresses the failure to make disclosures, and states that the failure "to provide information or identity a witness as required by Rule 26(a)" precludes the "use of that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,*

170 F.3d 985, 993 (10th Cir. 1999) (citation omitted).  The Tenth Circuit has enumerated four factors the Court should use to guide its discretion in determining whether a Rule 26(a) violation is substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."  *Id.*  The nonmoving party has the burden of showing that it was substantially justified in failing to comply with Rule 26(a) and that such failure was harmless.  *Seeley v. Home Depot U.S.A., Inc.*, No. 17-cv-00584-PAB-NYW, 2018 WL 4275375, at *5 (D. Colo. Sept. 7, 2018).  In analyzing these factors, the Court takes into account the Tenth Circuit's holding that  "[t]he decision to exclude evidence is a drastic sanction."  *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).

Plaintiff, as the disclosing party, carries the burden of demonstrating that her failure to comply with the rule is substantially justified or harmless.  *See Green Earth Wellness Ctr. LLC*, 2016 WL 632051, at *2.  Here, the entirety of Plaintiff's argument against Rule 37(c)(1) sanctions is that there was no disclosure violation under Rule 26(a)(2) and therefore there can be no prejudice.  *Response* [#47] at 8.  Plaintiff does not address the other factors.  *See id.*

The only one of the Treating Providers whom the parties specifically address is Dr. Checa, who Plaintiff describes as "the most prominent treating physician in this case."  *Id.* at 8.  The Court finds that, for purposes of Rule 37(c)(1), Dr. Checa should be analyzed separately from the other Treating Providers for reasons explained below.

### 1.      Dr. Checa

Applying the four factors to Dr. Checa, the Court finds little to no prejudice or surprise to Defendant from Plaintiff's failure to fully comply with Rule 26(a)(2). This is not a situation where Defendant was completely blindsided by the designations. Dr. Checa was a treating physician of Plaintiff, and Defendant likely has some idea of the factual basis for the opinions. In fact, Defendant deposed Dr. Checa, who "provided a visit-by-visit summary of his treatment of [Plaintiff] as well as a detailed summary of his opinions during deposition." *Response* [#47] at 8 (citing *Pl.'s Ex. 3, Feb. 4, 2021 Depo. of Checa* [#47-12]; *see also Pl.'s Ex. 4, Jan. 11, 2021 Depo. of Checa* [#47-4]). Importantly, Defendant does not contest this characterization of Dr. Checa's deposition testimony in its Reply [#54]. While that does not excuse Plaintiff's failure to provide an actual summary and factual support for Dr. Checa's causation opinion, it does mitigate against a decision to exclude the opinion. As to the remaining factors, the Court finds there is an ability to cure the prejudice through Plaintiff's supplementation of her disclosures, and Defendant has not shown otherwise. Further, the Court finds that any disruption to trial is minimal given that Defendant already has some knowledge of Dr. Checa's opinions. Trial is not set to commence until March 28, 2022. Finally, there is no suggestion that there was bad faith or willfulness on the part of Plaintiff.

Accordingly, the Court finds Plaintiff's violation of Rule 26(a)(2) as to her disclosures regarding Dr. Checa's opinions outside of the immediate scope of treatment was harmless to the extent that the opinions were expressed in his depositions. Defendant's request to strike these opinions is **denied**; instead, Plaintiff will be ordered to supplement her Rule 26(a)(2) disclosures regarding Dr. Checa's opinions. *See Silver v. Shapiro*, No. 10-cv-01856-CMA-KLM, 2011 WL 1321798, at *4 (D. Colo. Apr. 5, 2011)

(requiring Plaintiff to revise insufficient expert disclosures rather than striking expert testimony).  To the extent Dr. Checa's opinions were not expressed at his depositions, however, Defendant's request to strike Dr. Checa's opinions is **granted** for the reasons provided below in section III.B.2.

### 2.    Other Treating Providers

Applying the four factors to the other Treating Providers, the Court finds based on the high level of generality of the opinions provided in the disclosures that Defendant is prejudiced because it cannot "prepare effective cross examination" without having knowledge of what specific opinions will actually be expressed by the other Treating Providers.  *See Motion* [#37] at 10.  Unlike the situation with opinions expressed by Dr. Checa in his depositions, this is a situation where, based on the information before the Court, Defendant has been completely blindsided by the designations.   Although Defendant likely has some idea of the opinions which will be expressed, it is Plaintiff's burden to provide adequate disclosures, not Defendant's burden to guess what those disclosures are likely to be.  Unlike Dr. Checa, Plaintiff has not directed the Court's attention to whether the other Treating Providers were deposed or provided their opinions elsewhere.  Thus, there appears to be no mitigation for Plaintiff's failure to provide an actual summary and factual support for the other Treating Providers' opinions.  As to the remaining factors, the Court finds there may be an ability to cure the prejudice through Plaintiff's supplementation of her disclosures, and Defendant has not shown otherwise. However, at this late stage, in the absence of knowing what opinions the other Treating Providers may have, the Court finds that disruption to trial would be likely as it is set to commence on March 28, 2022.  Finally, there is no suggestion that there was bad faith

or willfulness on the part of Plaintiff.

Accordingly, the Court finds Plaintiff's violation of Rule 26(a)(2) with regard to the disclosures regarding the other Treating Providers' opinions outside of the immediate scope of treatment was not harmless.  Defendant's request to strike these opinions is **granted**.

## IV.  Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#37] is **DENIED in part and GRANTED in part**.  The Motion is **denied** with respect to the opinions of Dr. Checa (to the extent those opinions were provided at his depositions). Plaintiff shall provide supplemental disclosures regarding Dr. Checa's opinions **no later than January 31, 2022**.[2] The Motion is **granted** with respect to the other Treating Providers (and any opinions by Dr. Checa not expressed in his depositions); those witnesses may not provide opinion testimony outside of the immediate scope of their observations, diagnosis, and treatment of Plaintiff.

Dated: January 11, 2022

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

---

[2]  The parties have not provided enough argument as to the extent of the opinions of Dr. Checa at his depositions for the Court to determine at this time whether disclosures are required pursuant to Fed. R. Civ. P. 26(a)(2)(B) or the less onerous standard of Fed. R. Civ. P. 26(a)(2)(C). Plaintiff should carefully consider the legal background provided in this Order in conjunction with Dr. Checa's opinions before determining which type of disclosure is appropriate under these circumstances.